UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEREGRINE OIL & GAS, LP AND <br> PEREGRINE OIL & GAS II, LLC <br> <br> Plaintiffs <br> <br> versus <br> <br> FIELDWOOD ENERGY LLC, <br> FIELDWOOD ENERGY OFFSHORE LLC, AND <br> DYNAMIC OFFSHORE RESOURCES NS, LLC <br> <br> Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | CIVIL ACTION NO. 4:20-cv-1270 <br> <br> <br> JUDGE: <br> <br> <br> MAGISTRATE: |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## **COMPLAINT**

NOW INTO COURT, through undersigned counsel, come plaintiffs, Peregrine Oil & Gas, LP ("Peregrine I") and Peregrine Oil & Gas II, LLC ("Peregrine II"), who file this Complaint against Fieldwood Energy LLC ("Fieldwood Energy"), Fieldwood Energy Offshore LLC ("Fieldwood Offshore"), and Dynamic Offshore Resources NS, LLC ("Dynamic"). Peregrine I and Peregrine II are collectively referred to herein as "Plaintiffs." Fieldwood Energy, Fieldwood Offshore, and Dynamic are collectively referred to herein as "Defendants."

NATURE OF CAUSE OF ACTION

1. This is a lawsuit for money damages arising from the Defendants' breach of various offshore operating agreements by, among other things, failing to pay their share of expenses incurred by the Plaintiffs in connection with operations conducted on the Outer Continental Shelf, Gulf of Mexico, offshore Texas and Louisiana.

1

<u>JURISDICTION AND VENUE</u>

2.This Court has subject matter jurisdiction over this action pursuant to the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331, *et seq*., particularly 43 U.S.C. §1349(b)(1) in that this action relates to disputes regarding mineral production and operational activities associated therewith on the Outer Continental Shelf ("OCS").

3.Venue is proper in this district pursuant to 43 U.S.C. § 1349(b)(1), 28 U.S.C. § 1391(b)(1), and 28 U.S.C. § 1391(b)(2).

<u>PARTIES</u>

4.Plaintiff, Peregrine Oil & Gas, LP, is a limited partnership organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

5.Plaintiff, Peregrine Oil & Gas II, LLC, is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

6.Defendant, Fieldwood Energy LLC, is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

7.Defendant, Fieldwood Energy Offshore LLC, is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

8.Defendant, Dynamic Offshore Resources NS, LLC, is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

FACTS

The West Delta Interests:

9. At all relevant times, Peregrine I and Dynamic jointly held certain record title and/or operating rights interests in: (i) OCS Lease No. OCS-G 19839, covering Block 63 of the West Delta Area of the OCS; (ii) OCS Lease No. OCS-G 25008, covering Block 64 of the West Delta Area of the OCS; and (iii) OCS Lease No. 1083, covering Block 73 of the West Delta Area of the OCS (collectively, the "West Delta Interests").

10. Operations conducted on the West Delta Interests were at all relevant times subject to that certain Offshore Operating Agreement dated effective February 28, 2005, originally entered into by and between Peregrine I and Chroma Energy Inc., *et al.* (together with its amendments, the "WD OOA").

11. Peregrine I was an original party to the WD OOA and, at all relevant times, served as the "Operator" under the WD OOA. Dynamic is a successor-in-interest to one of the original parties to the WD OOA and, at all relevant times, has been a party and "Non-Operator" under the agreement.

12. As Operator under the WD OOA, Peregrine I incurred certain operational expenses with respect to the West Delta Interests and invoiced Dynamic, as Non-Operator under the WD OOA, for its proportionate share of those expenses through monthly joint interest billing statements ("JIBs").

13. Under the express terms of the WD OOA, Dynamic was required to pay its proportionate share of the JIBs within twenty (20) days. The WD OOA further provides that, if payment is not made within that time, the unpaid balance will bear interest at the specified contract

3

rate plus attorney's fees, court costs, and other costs in connection with the collection of the unpaid amounts.

14. Despite written notice and demand by Peregrine I, and despite Dynamic's acknowledgment of certain amounts due and owing, Dynamic has failed to pay its share of the JIBs.

15. Dynamic's unpaid share of the JIBs owed under the WD OOA totals $214,176.06 for costs incurred by Peregrine I through the February 2020 billing period, exclusive of interest, attorneys' fees, and collection/court costs. Additional costs continue to accrue on a monthly basis.

<u>The Galveston Area Interests:</u>

16. At all relevant times, Peregrine I and Fieldwood Offshore jointly held certain record title and/or operating rights interests in OCS Lease No. OCS-G 30654, covering Block A 155 of the Galveston Area, South Addition, of the OCS ("Galveston Area Interests").

17. Operations conducted on the Galveston Area Interests were at all relevant times subject to that certain Offshore Operating Agreement dated effective January 1, 2008, originally entered into by and between Peregrine I and Challenger Minerals Inc., *et al*. ("GA OOA").

18. Peregrine I was an original party to the GA OOA and, at all relevant times, served as the "Operator" under the GA OOA. Fieldwood Offshore is a successor-in-interest to one of the original parties to the GA OOA and, at all relevant times, has been a party and "Non-Operator" under the agreement.

19. As Operator under the GA OOA, Peregrine I incurred certain operational expenses with respect to the Galveston Area Interests and invoiced Fieldwood Offshore, as Non-Operator under the GA OOA, for its proportionate share of those expenses through monthly JIBs.

20. Under the express terms of the GA OOA, Fieldwood Offshore was required to pay its proportionate share of the JIBs within twenty (20) days. The GA OOA further provides that, if payment is not made within that time, the unpaid balance will bear interest at the specified contract rate plus attorney's fees, court costs, and other costs in connection with the collection of the unpaid amounts.

21. Despite written notice and demand by Peregrine I, and despite Fieldwood Offshore's acknowledgment of certain amounts due and owing, Fieldwood Offshore has failed to pay its share of the JIBs.

22. Fieldwood Offshore's unpaid share of the JIBs owed under the GA OOA totals $172,032.22 for costs incurred by Peregrine I through the February 2020 billing period, exclusive of interest, attorneys' fees, and collection/court costs. Additional costs continue to accrue on a monthly basis.

23. In addition to the foregoing amounts, Fieldwood Offshore owes, and has acknowledged it owes, $146,339.89 to Peregrine I relating to gas balancing obligations under the GA OOA.

The High Island Interests:

24. At all relevant times, Peregrine I and Fieldwood Offshore jointly held certain record title and/or operating rights interests in OCS Lease No. OCS-G 22268, covering Block A 268 of the High Island Area, East Addition, South Extension, of the OCS (the "High Island Interests").

25. Operations conducted on the High Island Interests were at all relevant times subject to that certain Offshore Operating Agreement dated effective October 31, 2006, originally entered into by and between Challenger Minerals Inc. and Peregrine I, *et al*. ("HI OOA").

26. Peregrine I was an original party to the HI OOA and, at all relevant times, served as the "Operator" under the HI OOA. Fieldwood Offshore is a successor-in-interest to one of the original parties to the HI OOA and, at all relevant times, has been a party and "Non-Operator" under the agreement.

27. As Operator under the HI OOA, Peregrine I incurred certain operational expenses with respect to the High Island Interests and invoiced Fieldwood Offshore, as Non-Operator under the HI OOA, for its proportionate share of those expenses through monthly JIBs.

28. Under the express terms of the HI OOA, Fieldwood Offshore was required to pay its proportionate share of the JIBs within twenty (20) days. The HI OOA further provides that, if payment is not made within that time, the unpaid balance will bear interest at the specified contract rate plus attorney's fees, court costs, and other costs in connection with the collection of the unpaid amounts.

29. Despite written notice and demand by Peregrine I, and despite Fieldwood Offshore's acknowledgment of certain amounts due and owing, Fieldwood Offshore has failed to pay its share of the JIBs.

30. Fieldwood Offshore's unpaid share of the JIBs owed under the HI OOA totals $77,051.30 for costs incurred by Peregrine I through the February 2020 billing period, exclusive of interest, attorneys' fees, and collection/court costs. Additional costs continue to accrue on a monthly basis.

The North Padre Island Interests:

31. At all relevant times, Peregrine II and Fieldwood Energy jointly held certain record title and/or operating rights interests in: (i) OCS Lease No. OCS-G 5953, covering Block 969 of the North Padre Island Area of the OCS; and (ii) OCS Lease No. OCS-G 5954, covering Block 976 of the North Padre Island Area of the OCS (collectively, the "North Padre Island Interests").

32. Operations conducted on the North Padre Island Interests were at all relevant times subject to that certain Offshore Operating Agreement dated October 1, 1983, originally entered into by and between Shell Offshore Inc. and Florida Exploration Company, *et al*. ("PN OOA").

33. Peregrine II is a successor-in-interest to one of the original parties to PN OOA and, at all relevant times, served as the "Operator" under the PN OOA. Fieldwood Energy is a successor-in-interest to one of the original parties to the PN OOA and, at all relevant times, has been a party and "Non-Operator" under the agreement.

34. As Operator under the PN OOA, Peregrine II incurred certain operational expenses with respect to the North Padre Island Interests and invoiced Fieldwood Energy, as Non-Operator under the PN OOA, for its proportionate share of those expenses through monthly JIBs.

35. Under the express terms of the PN OOA, Fieldwood Energy was required to pay its proportionate share of the JIBs within fifteen (15) days. The PN OOA further provides that, if payment is not made within that time, the unpaid balance will bear interest at the specified contract rate plus attorney's fees, court costs, and other costs in connection with the collection of the unpaid amounts.

36. Despite written notice and demand by Peregrine II, and despite Fieldwood Energy's acknowledgment of certain amounts due and owing, Fieldwood Energy has failed to pay its share of the JIBs.

37. Fieldwood Energy's unpaid share of the JIBs owed under the PN OOA totals $49,500.67 for costs incurred by Peregrine II through the February 2020 billing period, exclusive of interest, attorneys' fees, and collection/court costs. Additional costs continue to accrue on a monthly basis.

## CAUSES OF ACTION

A. <u>Peregrine I</u>

   i. *Breach of Contract by Dynamic*:

38. The allegations contained in paragraphs 1-37 above are incorporated herein by reference.

39. Under the express terms of the WD OOA, Dynamic agreed that it would pay its proportionate share of costs incurred by Peregrine I in connection with the West Delta Interest as reflected on the JIBs issued by Peregrine I to Dynamic.

40. Dynamic breached its obligations to Peregrine I by failing to pay its share of the JIBs.

41. Dynamic owes Peregrine I the sum of $214,176.06 as a result of said breach in addition to Dynamic's proportionate of any future accruing invoices. Peregrine I is also entitled to legal or contractual interest, late fees and penalties, any costs incurred in connection with the collection of these unpaid amounts, and all reasonable attorneys' fees provided by contract, law, equity or otherwise.

   ii. *Breach of Contract by Fieldwood Offshore*:

42. The allegations contained in paragraphs 1-37 above are incorporated herein by reference.

43. Under the express terms of the GA OOA and the HI OOA, Fieldwood Offshore agreed that it would pay its proportionate share of costs incurred by Peregrine I in connection with the Galveston Area Interests and the High Island Interest as reflected on the JIBs issued by Peregrine I to Fieldwood Offshore. Moreover, under the GA OOA, Fieldwood Offshore agreed to fulfill certain gas balancing obligations required under the agreement.

44. Fieldwood Offshore breached its obligations to Peregrine I by failing to pay its share of the JIBs and by failing to satisfy its gas balancing obligations owed under the GA OOA.

45. Fieldwood Offshore owes Peregrine I the sum of $395,423.41 as a result of said breaches (comprised of $172,032.22 in unpaid JIBs under the GA OOA, $77,051.30 in unpaid JIBs under the HI OOA, and $146,339.89 in gas balancing charges) in addition to Fieldwood Offshore's proportionate of any future accruing invoices. Peregrine I is also entitled to legal or contractual interest, late fees and penalties, any costs incurred in connection with the collection of these unpaid amounts, and all reasonable attorneys' fees provided by contract, law, equity or otherwise.

B.   <u>Peregrine II</u>

   i.   *Breach of Contract by Fieldwood Energy*:

46. The allegations contained in paragraphs 1-37 above are incorporated herein by reference.

47. Under the express terms of the PN OOA, Fieldwood Energy agreed that it would pay its proportionate share of costs incurred by Peregrine II in connection with the West Delta Interests as reflected on the JIBs issued by Peregrine II to Fieldwood Energy.

48. Fieldwood Energy breached its obligations to Peregrine II by failing to pay its share of the JIBs.

49. Fieldwood Energy owes Peregrine II the sum of $49,500.67 as a result of said breach in addition to Fieldwood Energy's proportionate of any future accruing invoices. Peregrine II is also entitled to legal or contractual interest, late fees and penalties, any costs incurred in connection with the collection of these unpaid amounts, and all reasonable attorneys' fees provided by contract, law, equity or otherwise.

### ATTORNEYS' FEES

50. Plaintiffs are entitled to an award of attorney fees pursuant to express provisions of the aforementioned offshore operating agreements, as well as under Texas and Louisiana law, including, but not limited to, Tex. Civ. Prac. & Rem. Code Ann.§ 38.001(8) and La. R.S. 9:2781.

### PRAYER FOR RELIEF

WHEREFORE, plaintiffs, Peregrine Oil & Gas, LP and Peregrine Oil & Gas II, LLC, respectfully requests that this Court enter final judgment as follows:

(i) Money judgment in favor of Peregrine I and against Dynamic in the sum of $214,176.06 for costs due under the WD OOA as of the February 2020 billing period plus any additional amounts that become due and owing under the WD OOA through the date of judgment, together with legal and contractual interest, all costs incurred in connection with the collection of these unpaid amounts, and all attorneys' fees as provided by contract and/or law;

(ii) Money judgment in favor of Peregrine I and against Fieldwood Offshore in the sum of $395,423.41 for costs due under the GA OOA and the HI OOA as of the February 2020 billing period (including Fieldwood Offshore's gas balancing obligations) plus any additional amounts that become due and owing under the GA OOA and/or HI OOA through the date of judgment, together with legal and

        contractual interest, all costs incurred in connection with the collection of these unpaid amounts, and all attorneys' fees as provided by contract and/or law;

(iii)    Money judgment in favor of Peregrine II and against Fieldwood Energy in the sum of $49,500.67 for costs due under the PN OOA as of the February 2020 billing period plus any additional amounts that become due and owing under the PN OOA through the date of judgment, together with legal and contractual interest, all costs incurred in connection with the collection of these unpaid amounts, and all attorneys' fees as provided by contract and/or law; and

(iv)    All other equitable and general relief to which Plaintiffs may be entitled.

        Respectfully submitted,

        **LOOPER GOODWINE P.C.**

        By: /s/ *Paul J. Goodwine*
        Paul J. Goodwine (Attorney-in-Charge)
        LA Bar No. 23757; SDTX No. 437800
        Taylor P. Mouledoux
        LA Bar No. 31889; SDTX No. 1581156
        650 Poydras Street, Suite 2400
        New Orleans, Louisiana 70130
        Telephone: (504) 503-1500
        Telecopier: (504) 503-1501
        pgoodwine@loopergoodwine.com
        tmouledoux@loopergoodwine.com

        ATTORNEYS FOR PEREGRINE OIL & GAS, LP AND PEREGRINE OIL & GAS II, LLC